**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN EZE, an Individual,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No.  6:11-cv-1213-Orl-22DAB

**AMERICAN EQUIPMENT LEASING, LLC; AMERICAN EQUIPMENT LEASING AND FINANCE, INC.; BLAKE BOLIN; MARTHA LANCE; and C. RANDY LANCE,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court following Plaintiff's Response to Order to Show Cause (Doc. 12). The Court previously ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction for failure to state all of the parties' citizenship and failure to allege facts in the Complaint supporting the amount in controversy for jurisdictional purposes.

Plaintiff alleges subject matter jurisdiction based on 28 U.S.C. § 1332, diversity of citizenship. As pointed out in the Order to Show Cause, Plaintiff failed to list in the Complaint the specifics regarding its certain Defendants' citizenship. If any of the limited liability company members are Massachusetts citizens (as Plaintiff is), that would destroy the complete diversity jurisdiction necessary to proceed in federal court pursuant to 28 U.S.C. § 1332. Plaintiff has filed an Amended Complaint that addresses the problems with the citizenship allegations.

However, even though ordered to do so, Plaintiff has not set forth any *facts* in support to establish the $75,000 jurisdictional amount in controversy in either the Amended Complaint or his Response to the Order to Show Cause. Plaintiff's Amended Complaint alleges that he leased a used

truck and, dissatisfied with its condition, he stopped making lease payments. Doc. 11 ¶ 22. The truck was repossessed. Doc. 11 ¶ 23. Defendants informed Plaintiff that he would have to pay $3,700 in lease payments and repossession fees. Doc. 11 ¶ 24. Plaintiff baldly asserts that he has "suffered damages including but not limited to lost income, lost profits, and other damages exceeding the total of $75,000." Doc. 11 ¶ 27. Plaintiff alleges claims under Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. § 501.204, fraud, breach of contract and conspiracy.

In the Response to the Order to Show Cause, Plaintiff alleges that he will be seeking unspecified lost income, lost back and front pay[1], lost profits, and potentially punitive damages as part of his contract claim.[2] Plaintiff provided no information whatsoever regarding the extent of the damages. As best the Court can tell, the eighteen-month lease (Doc. 11-1 at 1) at issue required a deposit of $2,500 and monthly payments of $715, or approximately $15,370 – well below the $75,000 threshold jurisdiction. Plaintiff must do more than simply argue that he is seeking punitive damages, which might exceed the threshold, to show he has met the jurisdictional minimum.

It is respectfully **RECOMMENDED** that Plaintiff's Amended Complaint be dismissed for lack of subject matter jurisdiction in that he fails to allege sufficient facts to support diversity jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida on this 11th day of August, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Lost back and front pay are damages typically awarded to prevailing plaintiffs alleging an employment relationship, which Plaintiff has not alleged.

[2] Punitive damages are not typically recoverable for breach of contract.